Robinson & Rylander, P.C.
Attorneys At Law
St. Philip's Plaza
4340 North Campbell, Suite 266
Tucson, Arizona 85718
Office (520) 299-4922-Fax (520)299-1482

James L. Robinson, Jr.
PCB #48612 - Ariz. Bar #3184
Daniel J. Rylander
PCB #64969 - Ariz. Bar #15279
Ross Meiners
PCB#66099- Ariz. Bar #26064

Attorneys for Debtor.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | |
| ) | In Proceedings Under |
| THOMAS SMERZ ) | Chapter 13 |
| SS# XXX-XX-8535 ) | |
| Debtor ) | No. 4:09-bk-21901-EWH |
| ) | ADV: 4:09-ap-01328-EWH |
| vs ) | COMPLAINT TO DETERMINE SECURED |
| ) | STATUS AND AVOID LIEN ON REAL |
| BANK OF AMERICA, ITS ) | PROPERTY |
| SUCCOSSORS AND ASSIGNS ) | |
| DEFENDANT ) | |

COME NOW, THOMAS SMERZ, Plaintiff/Debtor (hereinafter Plaintiff or Debtor) by and through counsel undersigned, who files this complaint to determine the secured status and avoid Defendant's lien on real property.

The Plaintiff alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C.§§ 1344 and 157 (b)(2). This matter is a core proceeding.

FACTS

Debtor filed a Chapter Thirteen proceeding on September 8, 2009. The Debtor has proposed a plan of reorganization.

Bank of America is a corporation licensed to do business in Arizona, whose main office is located in Charlotte, North Carolina, that

may be served with Summons and Complaint through its Registered Statutory Agent, CT Corporation Systems.

Debtor is the owner of a piece of real property which the Debtor has claimed as his homestead exemption for his primary residence

> LOT 15 IN BLOCK "G" OF LORENA HOMESITES, PIMA COUNTY ARIZONA, ACCORDING TO THE MAP OF RECORD IN THE OFFICE OF THE COUNTY RECORDER IN BOOK 8 OF MAPS AND PLATS, AT PAGE 89
> a.k.a. 3361 EAST 29TH STREET TUCSON, AZ 85713

Debtor valued his primary residence at $81,000.00 in Schedule A of his bankruptcy proceeding.

The holder of the first lien on Debtor's residence is Defendant Bank of America, and the amount owed to it is $108,500.00 pursuant to the records of the Debtor. The Note and Deed of Trust upon which this mortgage is based was recorded on June 7, 2006 at the Pima County Recorder docket 12820, page 5132.

The holder of the second lien on Debtor's residence is Bank of America and the amount owed to it is $51,500.00 the records of the Debtor. The Note and Deed of Trust upon which this mortgage is based was recorded on November 2006 at the Pima County Recorder docket 12942, page 5729.

<u>ISSUES</u>

Can a Chapter 13 Debtor extinguish a purported lien on her residence and obtain a ruling that the lien holder has no "allowed secured claim" under 11 U.S.C.§ 506(a), despite the antimodification provisions of § 1322 (b)(2)?

Plaintiff has had his residence appraised. A copy of said appraisal is attached hereto as Exhibit A. The value of the Plaintiff's residence

per the appraisal ($81,000.00) is less than the amount owed ($108,500.00) on the first lien to Bank of America.

Defendant holds a junior lien on the Plaintiff's residence. The value of the Plaintiff's residence after deducting the amount owed on the first lien does not leave any value to provide Defendant even one dollar's worth of interest in the Property. Based on the definition of "allowed secured claim" derived from 11 U.S.C. § 1322 (b)(2), Plaintiff asks for Judgment extinguishing Defendant's lien on their property.

<u>MEMORANDUM OF AUTHORITY</u>

The Ninth Circuit along with other courts have all adopted the view that the holder of a purported junior lien on a Debtor's residence is wholly unsecured and not entitled to the protection of § 1322(b)(2), when the value of that residence is less than, or equal to the amount owed on superior liens. <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir.2002); <u>In re Lane</u>, 280 F.3d 663, 667-69 (6th Cir.2002); <u>Pond v. Farm Specialist Realty (In re Pond)</u>, 252 F.3d 1357, 1359-60 (11th Cir. 2000); <u>In re McDonald</u> 205 F.3d 606 (3rd Cir. 2000).

WHEREFORE, the Plaintiffs respectfully request the Court to:

a. Determine that the Defendant has no secured interest for the loan on the second deed of trust on the residential property;

b. Order the Defendant to cancel the second mortgage lien on the residential real property of the debtor pursuant of 11 U.S.C. § 506(d) immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtor within 20 days from the date of the entry of said order at no charge or fee for the aforesaid cancellation and delivery;

c. Direct the Trustee that any timely filed proof of claim filed by

1 the Defendant for the second mortgage lien be treated as an unsecured
2 claim under the plan;
3   d. That each party bear their own costs in relation to this action;
4   e. For such other and further relief as this Court deems just and
5 proper.
6   RESPECTFULLY SUBMITTED this 14th day of October, 2009.

            /S/
            DANIEL J. RYLANDER
            ROBINSON & RYLANDER, P.C.
            Attorneys for Debtor

DIANNE C. KERNS
CHAPTER 13 TRUSTEE
PMB 413
7320 N. LA CHOLLA BLVD 154
TUCSON, AZ 85741

CT Corporation Systems
2394 E. Camelback Road
Phoenix, AZ 85016
Statutory Agent for Bank of America

Bank of America Corporate Headquarters
100 N. Tryon Street
Charlotte, NC 28255
Bank of America Headquarters

Thomas Smerz
3361 E. 29th Street
Tucsn, AZ 85713
DEBTOR